UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANASTASIA PINKHAM,

           Plaintiff,

   -against-             <u>REPORT AND
                         RECOMMENDATION</u>

PROFESSIONAL CLAIMS BUREAU,       CV 04-1599 (DRH) (ETB)
INC.,

           Defendant.
------------------------------------------------------------------------x
TO THE HONORABLE DENNIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

  Before the court is a motion by plaintiff for attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Rule 54 of the Federal Rules of Civil Procedure. Plaintiff has made an application for attorney's fees and costs in the amount of $1,840.00, based on 7.36 hours of work at a rate of $250.00 per hour. Plaintiff also requests costs in the amount of $180.00. Defendant does not oppose the motion.

<u>FACTS</u>

  On April 19, 2004, plaintiff filed this complaint alleging that the defendant violated provisions of the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law Article 22-A § 349. On October 19, 2004, the plaintiff made an Offer of Judgment ("Offer") in the amount of $1,000, together with costs and attorney's fees in an amount to be decided by the Court. The defendant accepted the Offer, and on October 21, 2004, Judge Hurley issued an endorsed order approving the Offer and acceptance. Plaintiff made a motion for attorney's fees on November 11, 2004, and Judge Hurley referred the matter to the undersigned on March 30, 2005.

<u>DISCUSSION</u>

1

I.      Legal Standard

15 U.S.C. § 1692k(a)(3) states that in the case of a successful action under the FDCPA, the plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  Federal Rule of Civil Procedure 54 states that after a judgment has been entered, claims for attorney's fees shall be made by motion filed within fourteen days after entry of judgment.  In this case, a judgment was entered in the plaintiff's favor on October 22, 2004.  Plaintiff filed the motion for attorney's fees on November 2, 2004, within fourteen days after entry of judgment.

II.     Calculation of Attorney's Fees and Costs

a.      The Lodestar Method

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).  This calculation is commonly referred to as the "lodestar" figure, see, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998), and "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  Hensley, 461 U.S. at 435.  The burden is on the plaintiff to submit sufficient evidence to support the hours worked and the rates claimed.  See id. at 433.

Once the initial lodestar is computed, the district court may consider other factors "that may lead [it] to adjust the fee upward or downward," id. at 434, including the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances;

> (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430 n.3.

In this case, plaintiff's attorney stated that his billing rate is $250.00 per hour. The rate of $250.00 per hour house been found to be a reasonable rate in this district. See, e.g., Pinner v. Budget, CV-03-0408 (E.D.N.Y. Sept. 17, 2004); Separ v. Nassau County, CV 01-0112 (E.D.N.Y. July 27, 2004). Plaintiff's attorney stated that he spent 7.36 hours on this matter, and he provided a breakdown of the dates the work was done, the nature of the work done, and the length of time spent on each task. The Court has reviewed this record, and finds the time spent and rate requested to be reasonable. Plaintiff's counsel does not seek any upward adjustment. Accordingly, the undersigned recommends an award of attorney's fees to the plaintiff for 7.36 hours of work at a rate of $250.00 per hour, for a total award of $1,840.00 in attorney's fees.

b. Costs

15 U.S.C. § 1692k(a)(3) provides for costs associated with a successful action under the FDCPA. In this case, plaintiff requests costs in the amount of $180.00. Plaintiff submitted receipts indicating payment of $150.00 to file this action and $30.00 for service of process The Court has examined these receipts and finds plaintiff's request to be reasonable. Accordingly, plaintiff should be awarded $180.00 in costs.

CONCLUSION

Based on the foregoing, I recommend that the plaintiff's motion for attorney's fees be granted in the amount of $1,840.00, based on 7.36 hours of work at the rate of $250.00 per hour. I also

recommend that plaintiff be awarded $180.00 in costs, for a total award of $2,020.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); <u>IUE AFF-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curium).

SO ORDERED.

Dated: Central Islip, New York
      April 6, 2005

                                      /s/ E. Thomas Boyle
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge